IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

RCH COLORADO, LLC, F/K/A LUNA GAMING CENTRAL CITY, LLC, D/B/A FORTUNE VALLEY CASINO, D/B/A FORTUNE VALLEY HOTEL AND CASINO, AND D/B/A RESERVE CASINO HOTEL

    Defendant.

## COMPLAINT AND JURY TRIAL DEMAND

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), Title I of the Civil Rights Act of 1991 ("Title I"), and the Age Discrimination in Employment Act ("ADEA") to correct unlawful employment practices on the basis of sex, age, and sex plus age, and to provide appropriate relief to Diane Knox, Natalie Gilbert, Eva Pridmore, Constance Hediger, and a class of applicants who were female and/or age 40 or over, and who were adversely affected by such practices. As alleged with greater particularity below, evidence will establish that Defendant refused to hire employees within the protected groups in violation of Title VII, Title I, and the ADEA. As a result of this discriminatory treatment, Diane Knox, Natalie Gilbert, Eva Pridmore, Constance Hediger, and other aggrieved individuals suffered damages.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"); Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a); and Section 7(b) of the ADEA, as amended, 29 U.S.C. § 626(b), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and the ADEA, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant RCH Colorado, Inc. ("Defendant" or "RCH Colorado") f/k/a Luna Gaming Central City, LLC ("Luna Gaming") has continuously been doing business in the State of Colorado and has continuously had at least 20 employees.

5. At all relevant times, RCH Colorado has continuously been an employer

2

engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h), and Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6.     More than thirty days prior to the institution of this lawsuit, Natalie Gilbert and Diane Knox each filed a charge with the Commission alleging violations of Title VII and the ADEA by Defendant.

7.     More than thirty days prior to the institution of this lawsuit, Eva Pridmore and Constance Hediger each filed a charge with the Colorado Civil Rights Division alleging violations of Title VII and the ADEA by Defendant.  These charges were transferred to the Commission.

8.     The EEOC provided Defendant with notice of the charges of discrimination.

9.     The EEOC investigated the charges of discrimination.

10.    Based on evidence uncovered during the EEOC's investigation, the EEOC issued letters of determination to Defendant, finding reasonable cause to believe that Defendant had engaged in unlawful employment practices prohibited by Title VII and the ADEA.

11.    The Commission's determinations included invitations for Defendant to join the Commission in informal methods of conference, conciliation, and persuasion in an attempt to eliminate and remedy the alleged unlawful employment practices.

12.    Defendant participated with the EEOC in conciliation, during which process Defendant and the EEOC communicated regarding the alleged unlawful

employment practices and how to eliminate and remedy them.

13. The Commission and Defendant were unable to reach an agreement acceptable to the Commission through the conciliation process.

14. The Commission sent notice to Defendant that conciliation has failed.

15. All conditions precedent to the institution of this lawsuit has been fulfilled.

## GENERAL ALLEGATIONS

*Background*

16. In January 2011, Luna Gaming bought Fortune Valley Hotel and Casino ("Fortune Valley") through a bankruptcy-court approved asset sale.

17. Fortune Valley was previously owned by Centaur Inc. ("Centaur").

18. At the time of the asset sale, Centaur had over 300 employees working at Fortune Valley.

19. Shortly before it bought Fortune Valley, Luna Gaming began soliciting employment applications from Centaur employees and the general public.

20. On or around January 25, 2011, Centaur terminated all of its Fortune Valley employees.

21. On or around January 25, 2011, Luna Gaming hired approximately 240 employees to work at Fortune Valley.

22. Over 95% of the employees hired by Luna Gaming were former Centaur employees.

23. In January 2012, Fortune Valley changed its name to the Reserve Casino Hotel.

24. In January 2013, Luna Gaming changed its name to RCH Colorado.

*Natalie Gilbert*

25. Ms. Gilbert began working as a slot attendant at Fortune Valley on or around December 28, 1994.

26. Ms. Gilbert reapplied for her position with Luna Gaming in or around December 2010.

27. Ms. Gilbert was denied employment by Luna Gaming.

28. At the time she was denied employment, Ms. Gilbert was 60 years old.

*Diane Knox*

29. Ms. Knox began working as a slot attendant at Fortune Valley on or around October 29, 2003.

30. Ms. Knox reapplied for her position with Luna Gaming in or around January 2011.

31. Ms. Knox was denied employment by Luna Gaming.

32. At the time she was denied employment, Ms. Knox was 62 years old.

*Eva Pridmore*

33. Ms. Pridmore began working as a change person at Fortune Valley in or around July 1998 and was later promoted to slot attendant.

34. Ms. Pridmore reapplied for her position with Luna Gaming in or around December 2010.

35. Ms. Pridmore was denied employment by Luna Gaming.

36. At the time she was denied employment, Ms. Pridmore was 58 years old.

*Constance Hediger*

37. Ms. Hediger began working as a food server at Fortune Valley on or

5

around November 17, 2005 and later became a cocktail server.

38. Ms. Hediger reapplied for her position with Luna Gaming in or around January 2011.

39. Ms. Hediger was denied employment by Luna Gaming.

40. At the time she was denied employment, Ms. Hediger was 63 years old.

*Defendant's Discriminatory Hiring Practices*

41. Defendant's hiring practices in January 2011 disproportionately excluded female and older applicants from employment.

42. Upon information and belief, prior to the sale of Fortune Valley, Luna Gaming employees made comments about the need to get rid of the "gray hairs" at Fortune Valley and that there were "too many old, fat, ugly and gray-haired employees" working at Fortune Valley.

43. Upon information and belief, before Luna Gaming bought Fortune Valley, one of Centaur's managers went around and took photos of Centaur employees to "updat[e] [Centaur's] records."

44. Upon information and belief, these photos were used by Luna Gaming in making its employment decisions and to screen out older, less attractive employees.

45. At the time they were denied employment by Luna Gaming, Mses. Gilbert, Knox, and Pridmore were the oldest slot attendants at Fortune Valley.

46. Out of the 14 applicants for the slot attendant position, only three were not hired —Mses. Gilbert, Knox, and Pridmore.

47. Similarly, at the time she was denied employment by Luna Gaming, Ms. Hediger was the oldest cocktail server at Fortune Valley.

6

48. During the same time frame that Mses. Gilbert, Knox, Pridmore, and Hediger were denied employment by Luna Gaming, a forty year-old male applicant was hired as a slot attendant. This male applicant had qualifications equal or inferior to Gilbert's, Knox's, and Pridmore's.

49. Other positions for which Defendant refused to hire qualified females and/or employees age 40 or older include, but are not limited to, valet, wait staff, security supervisor, bookkeeper, and accountant.

50. Defendant chose to hire four valets under age 50 rather than a 61 year-old former valet captain.

51. Defendant chose to hire several waitpersons under age 40 rather than at least three former waitpersons over age 50.

52. Defendant chose to hire two security supervisors, ages 26 and 50, rather than hire the former 56 year-old security supervisor.

53. Defendant chose to hire several bookkeepers, all of whom were younger than the oldest prior bookkeeper, who was age 79.

54. Defendant chose to hire the youngest male applicant for the accountant positions rather than the two oldest female accountants, ages 73 and 53.

55. Defendant used subjective criteria in making its hiring decisions, including:

    a) general attitude;

    b) willingness to work a flexible schedule;

    c) perceived desire to be part of a new team;

    d) perceived ability to interact with customers; and

    e) willingness to accept upcoming operational changes.

56. The hiring shortfall for female applicants and/or applicants age forty and older is statistically significant.

57. A class of other aggrieved individuals, who are female and/or age 40 or older, were discriminated against by Defendant's unlawful hiring practices.

### FIRST CLAIM FOR RELIEF – AGE DISCRIMINATION

58. The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

59. In 2011, Defendant engaged in unlawful employment practices in violation of Section 4 of the ADEA, 29 U.S.C. § 623(a), by failing to hire Natalie Gilbert, Diane Knox, Eva Pridmore, Constance Hediger, and other older applicants (age 40 or older) .

60. The effect of Defendant's actions has been to deprive Natalie Gilbert, Diane Knox, Eva Pridmore, Constance Hediger, and other older applicants (age 40 or older) of equal employment opportunities because of their age.

61. The unlawful employment practices complained of above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

### SECOND CLAIM FOR RELIEF – SEX DISCRIMINATION

62. The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

63. In 2011, Defendant engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), by failing to hire Natalie Gilbert, Diane Knox, Eva Pridmore, Constance Hediger, and other female applicants for employment.

64. The effect of Defendant's actions has been to deprive Natalie Gilbert,

Diane Knox, Eva Pridmore, Constance Hediger, and other female applicants of equal employment opportunities because of their sex.

65. The unlawful employment practices complained of above were intentional.

66. The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Natalie Gilbert, Diane Knox, Eva Pridmore, Constance Hediger, and other aggrieved female applicants.

67. As a result of the events and actions described above, Natalie Gilbert, Diane Knox, Eva Pridmore, Constance Hediger, and other aggrieved female applicants have been deprived of equal employment opportunities, experienced emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, and were and are otherwise adversely affected because of their sex.

### THIRD CLAIM FOR RELIEF – SEX PLUS AGE DISCRIMINATION

68. The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

69. In 2011, Defendant engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), and Section 4 of the ADEA, 29 U.S.C. § 623(a), by failing to hire Natalie Gilbert, Diane Knox, Eva Pridmore, Constance Hediger, and other female applicants who were age 40 or older..

70. The effect of Defendant's actions has been to deprive Natalie Gilbert, Diane Knox, Eva Pridmore, Constance Hediger, and other older female applicants of equal employment opportunities because of their sex and age.

71. The unlawful employment practices complained of above were intentional.

72. The unlawful employment practices complained of above were willful

within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

73. The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Natalie Gilbert, Diane Knox, Eva Pridmore, Constance Hediger, and other aggrieved older female applicants.

74. As a result of the events and actions described above, Natalie Gilbert, Diane Knox, Eva Pridmore, Constance Hediger, and other aggrieved older female applicants have been deprived of equal employment opportunities, experienced emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, and were and are otherwise adversely affected because of their sex and age.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A   Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex, age, and/or sex plus age.

B   Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for all employees, including women and employees over 40 years old, and which eradicate the effects of its past and present unlawful employment practices.

C   Order Defendant to make whole Natalie Gilbert, Diane Knox, Eva Pridmore, Constance Hediger, and a class of other aggrieved individuals by providing backpay and lost benefits with prejudgment interest, where appropriate, and other affirmative and equitable relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, reinstatement or front pay, where

appropriate, in amounts to be determined at trial.

D      Order Defendant to make whole Natalie Gilbert, Diane Knox, Eva Pridmore, Constance Hediger, and a class of other aggrieved individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the paragraphs above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E      Order Defendants to pay Natalie Gilbert, Diane Knox, Eva Pridmore, Constance Hediger, and other aggrieved individuals punitive damages for Defendant's intentional and/or malicious and/or reckless conduct described in the paragraphs above, in amounts to be determined at trial.

F      Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Natalie Gilbert, Diane Knox, Eva Pridmore, Constance Hediger, and other aggrieved individuals for the violation of the ADEA.

G      Grant such further relief as the Court deems necessary and proper.

H      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

RESPECTFULLY SUBMITTED this 30th day of September, 2015.

P. David Lopez
General Counsel

Gwendolyn Reams

11

Associate General Counsel

Mary Jo O'Neill
Regional Attorney
Phoenix District Office

Sean Ratliff
Supervisory Trial Attorney
Denver Field Office

*/s/ Lauren Jaeckel*
Lauren Jaeckel
Lead Trial Attorney
Denver Field Office
Telephone: 303-866-1381
Email: lauren.jaeckel@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Denver District Office

**PLEASE NOTE:**

**For purposes of service upon the EEOC, it is sufficient that pleadings, notices, and court documents be served upon the Trial Attorneys. Duplicate service is not required on the General Counsel and Associate General Counsel in Washington, D.C.**